**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Judy Dufour,<br><br>            Plaintiff,<br><br>v.<br><br>Home Show Mortgage Inc., Mortgage Electronic Registration Systems, Inc. ("MERS"); Nationstar Mortgage, LLC; and et al.,<br><br>            Defendants. | No. CV-12-01736-PHX-GMS<br><br>**ORDER** |

Before the Court is a Motion to Dismiss (Doc. 9) filed by Defendant Nationstar Mortgage, LLC. Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") has joined the Motion. (Doc. 18.) The Court grants the Motion for the reasons discussed below.

**FACTUAL BACKGROUND**

Plaintiff pro se Judy Dufour alleges that she owns real estate located at 16672 North 182nd Lane, Surprise, Arizona 85388. (Doc. 1 ¶ 2.) On July 2, 2007, Dufour executed a promissory note that was secured by a deed of trust (DOT) on her property. (Doc. 9-2, Ex. B at 53-62.)[1] Under the terms of the DOT, the lender was Defendant The

---

[1] Generally, a court may not consider evidence or documents beyond the complaint in the context of a Rule 12(b)(6) Motion to Dismiss. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.,* 896 F.2d 1542, 1550 (9th Cir.1990) (amended decision). This general rule, however, has two specific exceptions. First, a court may

Home Show Mortgage, Inc., and the Trustee was Chicago Title Insurance Co. (*Id.* at 53.) The beneficiary under the DOT was MERS. (*Id.*) MERS eventually assigned its beneficial interest to Nationstar. (Doc. 9-2, Ex. B at 69-70.)[2] At some point, Dufour defaulted on her loan obligation. (Doc. 1 ¶ 57.) It does not appear from the allegations of the Complaint that foreclosure has occurred.

Dufour brought suit against Home Show Mortgage, MERS, Nationstar, and other unnamed Defendants on August 14, 2012. She asserts six causes of action: Wrongful Foreclosure; Fraud; Quiet Title; Declaratory Relief; Violation of the Real Estate and Settlement Procedures Act (RESPA), 12 U.S.C. § 2601, and the Federal Reserve Acts, 24 C.F.R. § 3500; and Violation of the Truth in Lending Act (TILA), 15 U.S.C. § 1641(g). (Doc. 1 ¶¶ 55-107.) To support her claims, Dufour advances a number of allegations, including the following: the no Defendant can present a valid note (*Id.* ¶¶ 3, 55-56), the assignments were unlawful (*Id.* ¶¶ 19, 64), there was a "split" in the ownership of the note and the DOT that voids any interest (*Id.* ¶¶ 3, 34, 55-56), she is entitled to the property free and clear because Home Show Mortgage was paid by the purchaser of the note and the subsequent note holder was paid by the insurance company upon her default (*Id.* ¶¶ 26, 63, 72), and the securitization of the note was improper and destroyed any interest in the property (*Id.* ¶¶ 6, 34). Nationstar filed a Motion to Dismiss on September 22, 2012. (Doc. 9.) MERS joined the Motion on November 13, 2012. (Doc. 18.)

---

consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading," *Knievel v. ESPN,* 393 F.3d 1068, 1076 (9th Cir. 2005) (quoting *In re Silicon Graphics Inc. Sec. Litig.,* 183 F.3d 970, 986 (9th Cir. 1999) (alteration in original). Second, a court may take judicial notice of "matters of public record outside the pleadings." *Mack v. S. Bay Beer Distribs., Inc.,* 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n. v. Solimino,* 501 U.S. 104 (1991). Even when considering a public record, however, judicial notice is limited to those facts that are "not subject to reasonable dispute." Fed. R. Evid. 201(b). The Court takes judicial notice of the Deed of Trust under these standards.

[2] The Court also takes judicial notice of the Assignment of Deed of Trust.

**DISCUSSION**

Nationstar moves to dismiss Dufour's Complaint on three grounds: it is barred by the doctrine of res judicata, it fails to comply with the pleading requirements of Rule 8 and Rule 10(b), and the complaint fails to state a claim. Because the Court determines that the claims raised in the Complaint are foreclosed under res judicata, it declines to consider the other rationales with respect to Nationstar. MERS, however, was not a defendant to the prior action. Nevertheless, the Court determines that the Complaint fails to state a claim against MERS as a matter of law.

**I.   Claims against Nationstar**

Rule 8(c) of the Federal Rules of Civil Procedure denotes res judicata as an affirmative defense. Ordinarily, affirmative defenses may not be raised in a motion to dismiss. Res judicata, however, may be asserted in a motion to dismiss so long as it does not raise any disputed issues of fact. *Scott v. Kuhlmann,* 746 F.2d 1377, 1378 (9th Cir. 1984); *Day v. Moscow,* 955 F.2d 807, 811 (2d Cir. 1992). Nationstar bases its res judicata argument on Dufour's Complaint in this case, the complaint in case number 2:12-cv-01579-FJM, and the Order granting defendants' motion to dismiss in that case. Thus, Nationstar's res judicata argument does not present any disputed issues of fact, and consideration of it on a motion to dismiss is appropriate.

In August, Judge Martone granted a Motion to Dismiss filed by Nationstar against Dufour. *See Dufour v. Nationstar Mortgage LLC*, No. CV-12-01579-FJM (D. Ariz. Aug. 24, 2012). In that case, Dufour brought a similar action to avoid foreclosure and obtain clear title to the Surprise property.[3] Judge Martone noted Dufour's lack of response to the motion in the Order, but ultimately granted the motion on the merits, albeit in cursory fashion: "We agree with defendants that plaintiff has failed to state a claim upon which relief can be granted. Therefore, **IT IS ORDERED GRANTING** defendants' motions to

---

[3] The address in the other complaint (Doc. 1-1 ¶ 4.1 in CV-12-01579-FJM) matches the address in the instant Complaint. The Court takes judicial notice of the other complaint as a public record whose contents are not subject to reasonable dispute.

dismiss. Because any amendment to the complaint would be futile, the order dismissing this case is with prejudice. The clerk shall enter final judgment." *Id.* at 1. (internal citation omitted) (emphasis in original). Nationstar argues that this decision bars Dufour's claims here.

Dufour asserts that this Court has federal question jurisdiction under 28 U.S.C. § 1331 because her Complaint raises claims under various federal statutes. The federal law of res judicata therefore governs Nationstar's defense. "Res judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Stratosphere Litig. L.L.C. v. Grand Casinos, Inc.*, 298 F.3d 1137, 1143 n.3 (9th Cir. 2002) (citing *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001)). Word-for-word similarity is not necessary to show identity of claims. "Res judicata bars relitigation of all grounds of recovery that were asserted, or could have been asserted, in a previous action between the parties, where the previous action was resolved on the merits. . . . [T]he relevant inquiry is whether the[ claims] could have been brought." *United States ex rel. Barajas v. Northrop Corp.*, 147 F.3d 905, 909 (9th Cir. 1998).

For purposes of res judicata, the claims Dufour brings here are identical to those Judge Martone dismissed in September. The Court notes at the outset that Dufour does not contest Nationstar's res judicata argument in her Response, which is instead devoted to restating the allegations of her Complaint. Nevertheless, a comparison of the claims raised in the earlier complaint and the Complaint in this action demonstrates that the actions were functionally identical. In the previous action, Dufour, among other things, denied the legitimacy of the assignments (Doc. 1-1 in CV-12-01579-FJM at 3), claimed that no Defendant could foreclose because they could not produce the "wet ink" note (*Id.* at 4, 9, 13), asserted claims under TILA and RESPA (*Id.* at 13), and sought to quiet title in the property and declaratory relief (*Id.* at 15-16). Not only are many of the claims indistinguishable, but the relief Dufour sought in both cases was identical: she sought to gain clear title to his property. The differences between the complaints are not sufficient

- 4 -

to create different claims under res judicata principles. Any difference qualifies as a "ground[] of recovery that . . . could have been asserted," in the previous action. *Barajas*, 147 F.3d at 909.

The remaining elements of res judicata are also met. A Rule 12(b)(6) dismissal for failure to state a claim is a final judgment for purposes of res judicata. *See Stewart v. U.S. Bancorp*, 297 F.3d 953, 957 (9th Cir. 2002) ("[A] dismissal for failure to state a claim under Rule 12(b)(6) is a judgment on the merits to which res judicata applies.") Although Judge Martone referenced Dufour's failure to file a Response and Local Rule 7.2(i), the language of his Order makes clear that the dismissal was on the merits: "We agree with defendants that plaintiff has failed to state a claim upon which relief can be granted. Therefore, **IT IS ORDERED GRANTING** defendants' motions to dismiss." The brevity of his dismissal order does not rob it of its force for purposes of res judicata. Its brevity is explained by the nature of the cut-and-paste claims made by Dufour, claims that have been rejected countless times by federal and state courts throughout Arizona. Finally, Nationstar was a named defendant in the previous action. All of the elements necessary to invoke res judicata are present.

**II.    Claims against MERS**

MERS was not a defendant in the previous action, nor was it in privity with any of those defendants. It cannot therefore assert the defense of res judicata. *See Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051-52 (9th Cir. 2005). MERS does, however, join Nationstar's attack on Dufour's Complaint for failure to state a claim as a matter of law. The entire premise of Dufour's claims against MERS has been rejected by the Arizona state and federal courts. That alone provides reason for dismissal. In addition, however, each of Dufour's claims fail as a matter of law with respect to MERS.

**A.    Legal Standard**

To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"; it must contain factual

allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.,* 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* When a complaint does not "permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not shown-that the pleader is entitled to relief." *Id.* at 679 (internal quotation omitted).

When analyzing a complaint for failure to state a claim under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Smith v. Jackson,* 84 F.3d 1213, 1217 (9th Cir. 1996). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC,* 139 F.3d 696, 699 (9th Cir. 1998).

### B.     Problematic Theory

Significant portions of Dufour's Complaint are dedicated to the idea that the various assignments involving MERS violated the law. Ariz. Rev. Stat. § 33–420 states that "[a] person purporting to claim an interest in, or a lien or encumbrance against, real property, who causes a document asserting such claim to be recorded in the office of the county recorder, knowing or having reason to know that the document is forged, groundless, contains a material misstatement or false claim or is otherwise invalid is liable to the owner or beneficial title holder of the real property."  Her assertion is that MERS lacked authority to make assignments. Such an assertion has been directly rejected

by both the Arizona Supreme Court and the Ninth Circuit Court of Appeals. *See Hogan v. Wash. Mutual Bank, N.A.,* ––– Ariz. –––, –––, 277 P.3d 781, 783 (2012) ("[T]he deed of trust statutes impose no obligation on the beneficiary to 'show the note' before the trustee conducts a non-judicial foreclosure."); *Cervantes v. Countrywide Home Loans, Inc.,* 656 F.3d 1034, 1042 (9th Cir. 2011) ("None of their allegations indicate that the plaintiffs were misinformed about MERS's role as a beneficiary, or the possibility that their loans would be resold and tracked through the MERS system. . . . By signing the deeds of trust, the plaintiffs agreed to the terms and were on notice of the contents.") As this Court has noted repeatedly, there is no "legal support for the proposition that the MERS system of securitization is so inherently defective so as to render every MERS deed of trust completely unenforceable and unassignable." *In re Mortgage Elec. Registration Sys. (MERS) Litig.,* MDL 09–2119–JAT, 2011 WL 4550189 at *4 (D. Ariz. Oct. 3, 2011). Tellingly, Dufour cites no case law that supports her argument against the MERS system. A careful reading of Complaint reveals that this discredited theory serves as the factual basis for MERS's involvement in Dufour's lawsuit. Nevertheless, the claims themselves also fail as a matter of law.

    **C.**    **Individual Claims**

        **1.**    **Wrongful Foreclosure**

Those states that recognize the tort of wrongful foreclosure require the trustor to prove that either he was not in default at the time of the foreclosure or that the foreclosing party caused the default. *Contreras v. U.S. Bank as Trustee for CSMC Mortgage Backed Pass–Through Certificates Series 2006–5*, CV09-0137-PHX-NVW 2009 WL 4827016 at *5 (D. Ariz. Dec. 15, 2009). Dufour has not made any such assertions in her complaint. And, at any rate, Arizona Courts have not yet recognized the tort of wrongful foreclosure. *Id.* Therefore, Dufour has not adequately pleaded such a claim.

        **2.**    **Fraud**

The factual basis for Dufour's fraud claim consists of allegations that Defendants collected payments from her even though her obligation had been paid off "at least

twice": the lender was paid off by the downstream purchaser of the note, and purchaser was paid off by its insurer when Dufour defaulted. (Doc. 1 ¶ 73.) But Home Show Mortgage was entitled to sell the note, and the purchaser of the note was entitled to receive compensation from its insurer upon Dufour's default. The fact that the owners of the note received compensation from parties other than Dufour does not terminate her contractual obligation to perform and make payments. Her obligation to pay remained. The facts alleged do not constitute fraud. Nowhere does Dufour allege that she paid off her obligation and then was induced to make payments.

Moreover, Dufour fails to comply with Rule 9(b) of the Federal Rules of Civil Procedure with respect to MERS. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Under this rule, a plaintiff "must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Schreiber Distrib. Co. v. ServWell Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) ("Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged.") (internal quotations omitted). Dufour has failed to delineate the role of each Defendant in the alleged fraud. Rule 9 does not countenance blanket assertions that "all Defendants" engaged in fraudulent conduct. For example, she complains that the Defendants induced and then received undue payments. But Dufour does not allege how MERS, who was the beneficiary of the DOT, was involved in the receipt of undue payments, or what MERS did to induce those payments. And, in any event, the factual basis articulated in the Complaint is insufficient to support a claim of fraud. That count is dismissed.

### 3. Quiet Title

Dufour next attempts to bring a quiet title claim against MERS. Ariz. Rev. Stat. § 12–1101 states that "[a]n action to determine and quiet title to real property may be

brought by anyone having or claiming an interest therein, whether in or out of possession, against any person or the state when such person or the state claims an estate or interest in the real property which is adverse to the party bringing the action." Under long-established Arizona law, however, a plaintiff cannot bring a quiet title action unless she has paid off her mortgage in full. *Farrell v. West,* 57 Ariz. 490, 491, 114 P.2d 910, 911 (1941)("[I] f it appears there is an unsatisfied balance due a defendant-mortgagee, or his assignee, the court will not quiet the title until and unless [the plaintiff-mortgagor] pays off such mortgage lien."); *Eason v. Indymac Bank,* CV 09–1423–PHX–JAT 2010 WL 1962309, at *2 (D. Ariz. May 14, 2010) ("[Q]uiet title is not a remedy available to the trustor until the debt is paid or tendered."); *Frazer v. Millennium Bank,* 2:10–cv–01509 JWS 2010 WL 4579799, at *4 (D. Ariz. Oct. 29, 2010) (same). In the instant case, Dufour has expressly alleged that she defaulted on her loan at some point. (Doc. 1 ¶ 57.) Furthermore, as discussed above, her claims that MERS lacks an interest in her property are based on long-rejected legal theories. She has therefore failed to state a valid quiet title claim against MERS.

### 4. RESPA and Federal Reserve Acts Violations

Dufour claims that MERS violated RESPA, 12 U.S.C. § 2601, et seq., and the Federal Reserve Acts, 24 C.F.R. § 3500, et seq. Dufour, however, does not allege how MERS was involved in those violations. All of the allegations are directed at Home Show Mortgage and the actions surrounding payments from lenders to mortgage brokers. Dufour does not allege any involvement by MERS in those actions. Consequently, those claims are dismissed as to MERS.

### 5. TILA Violations

Dufour also alleges violations of TILA, 15 U.S.C. § 1641(g), claiming that the Defendants failed to "notify the borrower in writing of [a] transfer" in ownership of the mortgage loan. *Id.* The TILA claim fails because Dufour has not pled facts sufficient to show that MERS is a "creditor[]" under TILA. TILA disclosure requirements only apply to "creditors" as defined in 15 U.S.C. § 1602(f). *See, e.g.,* 15 U.S.C. § 1635(a) ("The

creditor shall clearly and conspicuously disclose ..."); *see also Tomkins v. Bank of Am. Nat'l Ass'n,* CV-09-2014-PHX-GMS (D. Ariz. Jan. 28, 2010) (dismissing TILA claim for failure to plead facts showing defendants to be "creditors" under 15 U.S.C. § 1602(f)). In TILA a creditor is defined as:

> [A] person who both (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments of for which the payment of a finance charge is or may be required, and (2) is the person who the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such indebtedness, by agreement.

15 U.S.C. § 1602(f). The Complaint does not allege any facts that would show that MERS falls within that definition. Instead, Dufour names Home Show Mortgage as the party with whom she entered the loan agreement. MERS, the beneficiary under the deed of trust, is not alleged to be a TILA creditor and, therefore, cannot be liable to Dufour for any violation of TILA. Dufour has failed to state a claim against MERS under TILA

### 6. Declaratory Relief

Because Dufour has not alleged any viable claim against MERS, her claim for declaratory relief must also fail.

### CONCLUSION

Even a pro se litigant like Dufour cannot continuously litigate her claim against Nationstar. She raised essentially the same claim against Nationstar just a few months ago and that claim was dismissed as a matter of law. That result has conclusive effect here. Her claims against MERS fail as a matter of law and mirror claims that have been rejected in courts throughout this state. The dismissal is with prejudice because any amendment would be futile in light of the previous action and the legal theories underlying Dufour's claims against MERS. The only remaining Defendant is Home Show Mortgage.

/ / /

1     **IT IS THEREFORE ORDERED** that Nationstar's Motion to Dismiss (Doc. 9) is
2 **GRANTED** with prejudice.  The Clerk of Court is directed to terminate Nationstar and
3 MERS from this action.

    Dated this 5th day of December, 2012.

*A. Murray Snow*
G. Murray Snow
United States District Judge